JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 11974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**WILLETTE HILL**

(b) County of Residence of First Listed Plaintiff **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROBERT P. COCCO, P.C.
1500 WALNUT ST., SUITE 900
PHILADELPHIA, PA 19102     215-351-0200

**DEFENDANTS**
**MIDLAND FUNDING LLC et al.**
County of Residence of First Listed **NEW YORK**
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

14   2075

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff)
(For Diversity Cases Only)     and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 U SC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Law | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgments Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (13 95 ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Force Insure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. SecurityAct | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C.§1692 et seq., 47 U.S.C.§227

APR – 9 2014

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in Complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____     DOCKET NUMBER _____

DATE  4/9/14      SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 8112 Verree Rd., B105, Philadelphia, PA 19111.

Address of Defendant: 8875 Aero Dr., Ste. 200, San Diego, CA 92123.

Place of Accident, Incident or Transaction: 8112 Verree Rd., B105, Philadelphia, PA 19111.
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☑
RELATED CASE, IF ANY: None.

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☑

2. Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐ No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, Robert P. Cocco, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

APR - 9 2014

DATE: 4/9/14    Robert P. Cocco    61907
                Attorney-at-Law    Attorney I. D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/9/14    _____    61907
                Attorney-at-Law    Attorney I.D.#



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| WILLETTE HILL | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO.    14   2075 |
| MIDLAND FUNDING LLC et al. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241
through §2255.                            ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 8.           ( )

(d) Asbestos -- Cases involving claims for personal
injury or property damage from exposure to asbestos.      ( )

(e) Special Management -- Cases that do not fall into
tracks (a) through (d) that are commonly referred to
as complex and that need special or intense management
by the court. (See reverse side of this form for a
detailed explanation of special management cases.)      ( )

(f) Standard Management -- Cases that do not fall into any
one of the other tracks.                     ( X )

4/9/14
_____
(Date)

_____
Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

APR - 9 2014





**GP**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WILLETTE HILL,
               Plaintiff,

             v.

MIDLAND FUNDING LLC.,
MIDLAND CREDIT MANAGEMENT, INC.
             Defendants.

:
:  Civil Action No.: 14
:
:
:
:
:

## COMPLAINT

### A.   Jurisdiction and Venue

    1.    Jurisdiction arises under 15 U.S.C.§227 et seq., 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### B.   Parties

    3.    Plaintiff Willette Hill, is a natural person residing at 8112 Verree Rd., B105, Philadelphia, PA 19111.

    4.    Defendant MIDLAND FUNDING LLC ("Midland") is a corporation and wholly owned subsidiary of Encore Capital Group, Inc. with principal offices at 8875 Aero Dr., Ste. 200, San Diego, CA 92123. The principal purpose of Defendant Midland is the purchase or collection of defaulted debts using the mails and telephone.

    5.    Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is a

corporation wholly owned subsidiary of Encore Capital Group, Inc. with principal offices at 8875 Aero Dr., Ste. 200, San Diego, CA 92123. The principal purpose of Defendant MCM is the collection of defaulted debts owned by Midland using the mails and telephone.

6.     Midland and MCM (collectively referred to hereinafter as "Midland") is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C.§153(10).

## C.     Factual Allegations

7.     Prior to the collection activity hereinafter described, plaintiff had an outstanding debt to Raymour & Flanigan financed by Wells Fargo ("the debt").

8.     Midland has called Plaintiff multiple times on her cell phones from telephone number (800) 237-0512, including but not limited to the seventy four (74) calls reflected in the screen captures from her cell phone attached hereto as Ex. "A".

9.     All telephone contact by MIDLAND described herein to plaintiffs' cellular telephone occurred via an "automatic telephone dialing system" (ATDS) and/or system with ATD  capacity, as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

10.     Neither plaintiff nor anyone else authorized by her ever authorized MIDLAND to call plaintiff on her cell phone number.

## D.     Causes Of Action

### COUNT I - NEGLIGENT VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION (ACT 47 U.S.C. § 227 et seq.)

11.     The allegations above are re-alleged and incorporated herein by reference.

12.     The foregoing acts and omissions of defendant constitutes numerous

and multiple negligent violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

### COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

13.     The allegations above are re-alleged and incorporated herein by reference.

14.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

15.     "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

16.     Defendant intentionally and voluntarily made at least sixty six (66) calls to plaintiff's cell phone.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

17.     The allegations above are re-alleged and incorporated herein by reference.

18.     The foregoing acts and omissions of Defendant ACT constitute numerous and multiple violations of the FDCPA including, but not limited to:

> (a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person by continually calling a non-party to the debt, plaintiff Mr. Toussaint;
>
> (b) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person insofar as both debtors are paying their student loan debts under a rehabilitation schema;

3

(c) §1692 b(1), Contacted third parties and failed to state that collector is confirming or correcting location information;

(d) §1692c(b), Contacted third parties other than consumer, consumer's attorney, or credit bureau concerning the debt;

19.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## TRIAL BY JURY

20.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against  each and every Defendant and for each Plaintiff;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

D. for defendants' negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

4

E. for defendants' willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

F. for such other and further relief as may be just and proper.


Dated: April 8, 2014

RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200
**Attorney for Plaintiff**